Mac TROUNG, Humayan Khan, Rosenthal Tamaklo, Daniel Medina, Regine L. Bonneau, Plaintiffs–Appellants,

v.

AMERICAN BIBLE SOCIETY, Defendant–Appellee.

No. 05–3742–CV.

United States Court of Appeals, Second Circuit.

March 22, 2006.

Lewis P. Tripett (Thomas P. Higgins, on the brief), Higgins & Trippett LLP, New York, NY, for Defendant–Appellee.

PRESENT: Hon. DENNIS JACOBS, Hon. RICHARD C. WESLEY, and Hon. JOHN R. GIBSON,* Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION, it is ORDERED, ADJUDGED, AND DE-

---

* The Honorable John R. Gibson, United States Court of Appeals for the Eighth Circuit, sitting

CREED that the judgment of the district court is AFFIRMED.

Plaintiffs appeal from a judgment of the district court entered March 24, 2005 by the United States District Court for the Southern District of New York (Preska, *J.*), dismissing the complaint for lack of subject matter jurisdiction and for failure to state a claim on which relief may be granted. We assume familiarity with the facts, the procedural history, and the issues on appeal.

1. Plaintiffs argue that First Amendment defenses establish federal question jurisdiction. However, an anticipated federal defense cannot establish federal question jurisdiction; the federal question must appear on the face of the complaint. *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986).

Diversity jurisdiction is lacking if any plaintiff is a citizen of the same state as any defendant. *St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply,* 409 F.3d 73, 80 (2d Cir.2005). Diversity jurisdiction was lacking here because both the defendant and several of the plaintiffs are domiciled in New York.

2. Plaintiffs contend that complete diversity could be achieved by amending the complaint to drop those plaintiffs who are domiciled in New York. We review a district court's decision not to permit leave to amend the complaint for abuse of discretion. *See, e.g., In re American Exp. Co. Shareholder Litig.,* 39 F.3d 395, 402 (2d Cir.1994). A district court does not abuse its discretion if a proposed amendment would be futile. *Nettis v. Levitt,* 241 F.3d 186, 193 (2d Cir.2001).

by designation.

Plaintiff's proposal to amend the complaint was futile, as the proposed amended complaint would fail to state a claim on which relief could be granted. The amended complaint would allege that several verses of the Holy Bible plagiarize ancient Egyptian and Buddhist sources. However, Plaintiffs lack standing to sue on behalf of the injured parties. *See, e.g., Baur v. Veneman*, 352 F.3d 625, 632 (2d Cir.2003) (conditioning standing on individualized injury).

Plaintiffs' amended complaint also would allege that they are defamed by *Genesis* 7:23. As the district court observed, a defamation claim under New York law requires (*inter alia*) proof of a written statement of fact *regarding the plaintiff. Meloff v. N.Y. Life Ins. Co.*, 240 F.3d 138, 145 (2d Cir.2001).

On appeal, Plaintiffs also seek to mount a products liability claim. However, this argument was not presented to the district court and is therefore waived. *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 114 (2d Cir.2005).

For the foregoing reasons, the order of the district is affirmed.